UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ED MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>BRITNEY CUNNINGHAM, et al.,<br><br>    Defendants. | Case No. 24-cv-03208-PCP<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

        Kyle Martin, a patient at Napa State Hospital in Napa, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed Mr. Martin's original complaint with leave to amend. Dkt. No. 7. Mr. Martin filed an amended complaint. Dkt. No. 8. For the reasons stated below, the amended complaint is DISMISSED with leave to amend.

**I.    Legal Standard**

        Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.    Analysis**

        In his original complaint, Mr. Martin alleged that another patient entered his room at Napa State Hospital and attacked him. *See* Compl. at 3. He alleged defendants Jake, Carlo, Cunningham, Hoover, and Nurse failed to prevent the other patient from entering Mr. Martin's

room, and for 20 minutes failed to stop the ensuing altercation. *See id*. at 2–3. In his amended complaint, Mr. Martin alleges that he had a prior physical altercation with the attacking patient, and that the attacking patient had threatened him. *See* Dkt. No. 8 at 1. He alleges that "the formal" should have relocated either the attacking patient or Mr. Martin. *See id*. He implies that the two patients have since been separated. *See id*. at 2.

In its order dismissing the original complaint, the Court noted that all named defendants appeared to be medical rather than custodial staff. Dkt. No. 7 at 1. The Court instructed Mr. Martin to explain why these defendants, rather than custodial or administrative staff, were responsible for preventing other inmates from entering Mr. Martin's room. *Id*. at 2. The Court also instructed Mr. Martin to explain how each individual defendant "was, or ought to have been, aware of the attack." *Id*. Finally, the Court noted that Mr. Martin had alleged his due process rights were violated without any supporting facts, and instructed Mr. Martin to explain why the due process clause applied to his claim(s). *See id*. at 3. Mr. Martin did not fulfill any of these instructions in his amended complaint. *See generally* Dkt. No. 8.

Because Mr. Martin still fails to state a claim, his amended complaint is dismissed. If Mr. Martin chooses to file a second amended complaint, he must address the defects identified above. The second amended complaint must contain all of Mr. Martin's allegations; the Court will not combine it with Mr. Martin's prior pleadings in an effort to find a claim.

### III.   Conclusion

1.   The amended complaint is dismissed with leave to amend.

2.   Mr. Martin may file a SECOND AMENDED COMPLAINT by **January 16, 2026**. The second amended complaint must include the caption and civil case number used in this order (CV 24-3208-PCP (PR)) and the words SECOND AMENDED COMPLAINT on the first page. If Mr. Martin files a second amended complaint, he must allege facts that demonstrate he is entitled to relief on every claim. An amended complaint supersedes prior complaints and must stand alone. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended

1    complaint did not name all the defendants to an action, they were no longer defendants).

2        3.    **Failure to file a second amended complaint within the allotted time and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** If Mr. Martin needs an extension of time to amend his complaint, the extension must be requested **before** the deadline to amend has passed.

        4.    It is Mr. Martin's responsibility to prosecute this case. Mr. Martin must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        5.    The Clerk shall include a copy of the Court's prior dismissal order (Dkt. No. 7) so that Mr. Martin may review the Court's guidance.

        **IT IS SO ORDERED.**

Dated: December 4, 2025

                                              P. Casey Pitts
United States District Judge